ALLEN ROGERS, *Pet'r for part'n, versus* W'M P. WINGATE *& al.*

The purchaser of a right in equity to redeem real estate, sold on execution, acquires no interest in the estate that can be attached or seized, until the year, allowed the debtor to redeem from the purchaser, has expired.

ON FACTS AGREED.

PROCESS for PARTITION of a parcel of timber land.

Wingate claims nothing. John M. Lord, the other respondent, claims to be sole seized.

The claim of title, made by the respective parties, is fully set forth in the statement of the case by the parties. Only one of the several questions which were argued by the counsel is considered in the opinion of the Court. The facts admitted, bearing upon that point are, that one Crosby owned the right in equity to redeem one undivided half of the premises sought to be parted; that right was seized and sold on

execution, on the *twelfth* day of July, 1856, to W. W. Rogers and others. The right which said purchasers acquired by this sale was sold on execution against them on the *ninth* day of July, 1857, to the petitioner.

It was contended for the respondent that, at the time of the sale, on the 9th day of July, 1857, Crosby's right to redeem from Rogers and others had not become foreclosed; that, until the expiration of a year, Rogers and others had no interest under the sale to them that could be legally seized or attached, and, therefore, nothing passed to the petitioner by the attempted sale.

The case was argued at May term, 1858, by

*Kent*, for petitioner, and by

*Peters*, for Lord.

The opinion of the Court was drawn up by

TENNEY, C. J.—The petitioner claims to be the owner and seized of one undivided half of the right in equity of redemption from a mortgage, in land, of which he seeks partition. Wingate claims no interest in the premises; and the other respondent insists that the title to the equity of redemption is in himself solely.

On January 12, 1854, the petitioner and one Crosby were the owners of the right in equity of redeeming the land, in equal moieties, in common and undivided. On November 19, 1855, Crosby conveyed his interest to Lord, by deed of that date, which deed was not recorded till December 13, 1855.

The right of the petitioner is derived from the attempted sale of Crosby's right, made on July 12, 1856, to W. W. Rogers, Samuel Rogers, and Andrew P. Goodale, on an execution, issued upon a judgment in favor of Nathaniel J. Miller, against them and said Crosby, in season to save the attachment on the original writ, claimed to have been made on Dec. 6, 1855, and a sale of the purchasers' rights, so acquired, to him, made on an execution, issued upon another judgment in

favor of said Miller, against them and said Crosby, on July 9, 1857.

Unless Crosby's title passed to the purchasers, by the first sale attempted, and that title, if acquired, vested in the petitioner by the second sale, the process must fail.

The supposed sale of July 9, 1857, was while the right of Crosby to redeem from the first sale was in full force; and, at that time, W. W. Rogers, Samuel 'Rogers, and Andrew P. Goodale, had no right upon which the levy could be effectually made. *Kidder* v. *Orcutt*, 40 Maine, 589, is decisive upon this point.

Other questions have been discussed in argument, which are not important to the final disposition of this petition, as the matter stands in the statement of facts.

According to the agreement of parties, made April term, 1858, modified May, 1858, the entry is to be

*" Neither party without prejudice."*

RICE, HATHAWAY, CUTTING, and GOODENOW, J. J., concurred.